**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY REYNOLDS,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2181
(D.C. No. CIV 94-1157 M/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**   *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gary Reynolds seeks to appeal from the district court's order denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and dismissing the action with prejudice. The district court also denied petitioner a certificate of appealability. [1]

After review of petitioner's brief and the record on appeal, we conclude that petitioner has not made "a substantial showing of the denial of [a] federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (further quotation omitted). Therefore, we deny petitioner's request for a certificate of probable cause, and dismiss the appeal.

Entered for the Court

James E. Barrett
Senior Circuit Judge

---

[1] Although the magistrate judge's report correctly noted that the Antiterrorism and Effective Death Penalty Act (AEDPA) did not apply to petitioner's case because it was filed before the effective date of that act, the district court nonetheless used the "certificate of appealability" language arising out of AEDPA. *See* Rec. Vol. I, tab 53; 28 U.S.C. §2253(c). We construe petitioner's notice of appeal as a request for a certificate of probable cause under pre-AEDPA standards. *See* Fed. R. App. P. 22(b) (prior to amendment by AEDPA).